IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| 1ST SOURCE BANK | ) |
| | ) |
| v. | ) NO. 3-11-0410 |
| | ) JUDGE CAMPBELL |
| WILSON BANK & TRUST, et al. | ) |

MEMORANDUM

Pending before the Court are Plaintiff's Motion for Partial Summary Judgment (Docket No. 105), Defendant Wilson Bank & Trust's Motion for Summary Judgment (Docket No. 109), and a Joint Motion of Defendants Pinnacle National Bank and Transcapital & Leasing, Inc. for Summary Judgment (Docket No. 115).

For the reasons stated herein, Plaintiff's Motion for Partial Summary Judgment (Docket No. 105) is DENIED; Defendant Wilson Bank & Trust's Motion for Summary Judgment (Docket No. 109) is GRANTED; and the Joint Motion of Defendants Pinnacle National Bank and Transcapital & Leasing, Inc. for Summary Judgment (Docket No. 115) is GRANTED.

FACTS

Plaintiff's Amended Complaint (Docket No. 81) seeks a declaratory judgment as to the priorities of certain security interests in the accounts receivable of Defendants K & K Trucking and J.E.A. Leasing. Plaintiff also alleges conversion by Defendants of certain assets of K & K Trucking and J.E.A. Leasing.

Plaintiff alleges that it entered into a series of secured transactions with Defendants K & K Trucking and J.E.A. Leasing. Plaintiff contends that each transaction was for the sale or lease of

tractors or trailers or loans secured therewith. With each transaction, Plaintiff filed a financing statement pursuant to Tennessee law.

Pursuant to the relevant Security Agreements between Plaintiff and K & K Trucking, Defendant K & K Trucking granted a security interest to Plaintiff in certain described property (tractors and/or trailers) and all present and future insurance proceeds, instruments, documents, accounts (including lease and rental accounts), general intangibles, chattel paper, and all leases and temporary rental contracts, and all lease payments, rental payments and other collections arising therefrom, and the proceeds, both cash and non-cash, of all the foregoing. *See, e.g.,* Docket No. 1-3.[1]

The relevant financing statements filed in connection with these Security Agreements listed the collateral as the subject tractors and/or trailers, together with all present and future attachments, accessories, replacement parts, repairs, additions and exchanges thereto and therefor, documents and certificates of title, ownership or origin, with respect to the equipment, and all proceeds thereof, including rental and/or lease receipts. *See, e.g.,* Docket No. 1-4.

During this same time period, Defendants Wilson Bank & Trust and Transcapital & Leasing, Inc. also entered into certain security transactions with K & K Trucking and J.E.A. Leasing, Inc. Moreover, both Defendant Pinnacle Bank and Defendant FPC Funding III loaned money to K & K Trucking and filed financing statements listing certain K & K assets as collateral. Docket Nos. 81-19

---

[1] Similarly, Plaintiff and J.E.A. Leasing entered into a Loan and Security Agreement and J.E.A. Leasing granted a security interest in certain specified equipment (Docket No. 81-16, Schedule A). Plaintiff also filed a financing statement with regard to Defendant J.E.A. Leasing which listed the subject equipment and related property, including "proceeds of the equipment." Docket No. 81-17.

and 81-20. In late 2009, K & K Trucking ceased operations and soon thereafter defaulted on its various loans. Similarly, J.E.A. Leasing defaulted on its various obligations.

Pursuant to its rights under the various agreements with K & K Trucking and J.E.A. Leasing, Plaintiff repossessed the collateral securing those agreements. Docket No. 120, ¶¶ 44 and 67. In addition, Plaintiff filed an action in Smith County Chancery Court seeking a deficiency judgment against K & K Trucking and J.E.A. Leasing. *Id*., ¶¶ 48 and 68. Plaintiff's Complaint in the state court action does not seek to recover accounts receivable and states: "The collateral which served as security for the Defendants' agreements with the Plaintiff has been repossessed and sold in a commercially reasonable manner and the proceeds from the sales have been credited against the amount due and owing to the Plaintiff by the Defendants." Docket No. 110-1, p. 7.

An Order of Default Judgment was entered in the Smith County lawsuit in favor of Plaintiff against K & K Trucking for $720,324.78. *Id*., ¶ 50. An Order of Default Judgment was entered in the Smith County lawsuit in favor of Plaintiff against J.E.A. Leasing for 275,809.56. *Id*., ¶ 70. Plaintiff argues that it is also entitled to the accounts receivable of Defendants K & K Trucking and J.E.A. Leasing.

The parties agree that the issue to be determined herein is whether Plaintiff has a *perfected* security interest in the accounts receivable of K & K Trucking and J.E.A. Leasing. Plaintiff argues that the language "and all proceeds thereof" in its financing statements included accounts receivable related to the use of Plaintiff's collateral. Defendants maintain that the language "and all proceeds thereof" is limited to any proceeds from the sale of Plaintiff's collateral.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## DISCUSSION

The dispute in this matter is governed by Chapter 9 of Tennessee's Commercial Code (Tenn. Code Ann. §§ 47-9-101 to 47-9-710). Where more than one party holds a security interest in an item, Chapter 9's priority rules determine which creditor has the first opportunity to satisfy its interest from the collateral. A perfected security interest has priority over an unperfected security

4

interest, even where the unperfected interest was obtained earlier in time. Tenn. Code Ann. § 47-9-322.

To perfect a security interest, the secured creditor must file a financing statement, pursuant to Tenn. Code Ann. §§ 47-9-310(a) and 47-9-502. The financing statement must indicate the collateral covered thereby. Tenn. Code Ann. § 47-9-502(a)(3). A financing statement must reasonably describe the collateral that is covered by the security interest. A collateral description in a financing statement should be held adequate to perfect a security interest in an item of property if the description reasonably provides prospective creditors with inquiry notice regarding the type of property at issue. *CLC Equipment Co. v. Brewer*, 139 F.3d 543, 545 (5th Cir. 1998).[2]

As indicated above, Plaintiff takes the position that the words "and all proceeds thereof" in its financing statements extends to all accounts receivable of the debtors. "Proceeds" is defined in the Tennessee Commercial Code as

> (A) whatever is acquired upon the sale, lease, license, exchange, or other disposition of collateral;
>
> (B) whatever is collected on, or distributed on account of, collateral;
>
> (C) rights arising out of collateral;
>
> (D) to the extent of the value of the collateral, claims arising out of the loss, nonconformity, or interference with the use of, defects or infringement of rights in, or damage to, the collateral; or
>
> (E) to the extent of the value of the collateral and to the extent payable to the debtor or the secured party, insurance payable by reason of the loss or nonconformity of, defects or infringement of rights in, or damage to, the collateral.

---

[2] The parties have not directed the Court to a Tennessee case on point. Law concerning the Uniform Commercial Code nationally, however, provides guidance for the Court's determination.

Tenn. Code Ann. § 47-9-102 (64).

It is undisputed that Plaintiff's financing statements do not include the words "accounts receivable" in the description of the collateral. The failure to identify accounts receivable as a type of collateral intended to be covered by the financing statement does not place third parties on notice that a security interest was taken in accounts receivable. *See Lehigh Press, Inc. v. National Bank of Georgia*, 389 S.E.2d 376, 378 (Ga. Ct. App. 1989).

The Court finds that "accounts receivable" do not fall within the definition of "proceeds" as used in Plaintiff's financing statements. "Proceeds" include whatever is received upon the sale, exchange, collection or other disposition of collateral or proceeds. *CLC Equipment*, 139 F.3d at 546. Use is not a disposition of the collateral within the meaning of the definition of "proceeds." *Id.* "If fruits and products from the use of collateral were treated as proceeds, every creditor with a security interest in equipment would have a security interest in all items produced from the equipment as well as the revenues earned by the equipment." *Id.* The Court will not extend the meaning of "proceeds" to such an extent.[3]

Plaintiff further argues that certain of its security agreements represented "purchase money security interests" for which special priority rules apply. "Purchase money collateral" is defined as *goods or software* that secures a purchase money obligation incurred with respect to that collateral. Tenn. Code Ann. § 47-9-103(a)(1). Neither the trucks nor the trailers which were Plaintiff's collateral here are goods or software.

---

[3] Proceeds constitute whatever is *substituted* for the original collateral. *In re Judkins,* 41 Bankr. Rep. 369, 372 (M.D. Tenn. 1984); *see also In re J & J Auto Sales, Inc.*, 1971 WL 17914 (E.D. Tenn. 1971).

Given that Plaintiff's financing statements do not include accounts receivable, any interest Plaintiff had in those accounts was not perfected. Plaintiff does not dispute that Defendant Wilson County Bank had a perfected security interest in the accounts receivable of K & K Trucking. Docket No. 120, ¶¶ 26-32. Plaintiff does not dispute that Defendant TransCapital & Leasing, Inc. had a security interest in K & K Trucking's accounts. Docket No. 118, ¶¶ 23-24. Defendants assert that Defendant TransCapital granted to Defendant Pinnacle National Bank a security interest in, among other things, the accounts of TransCapital. *Id*., ¶¶ 33-37. Other than a dispute concerning the proper name and/or corporate structure of TransCapital, Plaintiff does not dispute that these transactions occurred. *Id*.

As noted above, a perfected security interest has priority over an unperfected security interest even where the unperfected interest was obtained earlier in time. Tenn. Code Ann. 47-9-322(a). Therefore, Plaintiff's security interest in accounts receivable, if any, does not take priority over Defendants' interests therein.

This case is referred back to the Magistrate Judge for a status conference to determine what, if any, issues remain.

IT IS SO ORDERED.

                                                *Todd Campbell*
                                            TODD J. CAMPBELL
                                            UNITED STATES DISTRICT JUDGE